**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| McKENZIE CAIN,<br><br>Plaintiff,<br><br>v.<br><br>MONSTER ENERGY COMPANY,<br><br>Defendant. | Case No.: _1:25-CV-774<br><br>Kent County Circuit No: 24-08853-CZ<br><br>**DEFENDANT MONSTER ENERGY COMPANY'S NOTICE OF REMOVAL**<br><br>**JURY TRIAL DEMANDED** |

## I. NOTICE OF REMOVAL

1. Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and with full reservation of defenses, Defendant Monster Energy Company ("Defendant") hereby removes the state-court action described below to this Court. This Court has jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441 because there is complete diversity among the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Defendant's removal is timely since it is brought within thirty days of Defendant's discovery of the grounds for removal, and within one year of the commencement of the state-court action.

## II. THE STATE-COURT ACTION

2. Plaintiff McKenzie Cain initiated the underlying personal injury action on September 9, 2024, in the Seventeenth Judicial Circuit Court for the County of Kent (Case No.: 24-08853-CZ) (the "Action"). According to the Complaint,[1] Plaintiff purchased a canned

[1] Plaintiff's Complaint improperly named an unrelated entity defendant. *See* Compl., Barnett Decl., ¶ 6 & Ex. 1. Plaintiff named the correct entity, Defendant Monster Energy Company, in its December 24, 2024 Amended Complaint (hereafter "Complaint"). Am. Compl., Barnett

beverage manufactured by Defendant on April 18, 2024, in Kent County, Michigan. Am. Compl., Declaration of Michael B. Barnett ("Barnett Decl."), Ex. 4 at ¶ 3. Plaintiff alleges to have found a dead mouse laying on the bottom of Defendant's can after consuming the beverage. Am. Compl., Barnett Decl., Ex. 4 at ¶ 9.

3. Plaintiff claims Defendant is liable for her severe emotional distress, trauma, and physical illness under theories of negligence, strict liability and breach of implied warranty of merchantability. Am. Compl., Barnett Decl., Ex. 4 at ¶¶ 15, 23. Plaintiff seeks compensatory damages, interest, costs and attorney's fees. Am. Compl., Barnett Decl., Ex. 4 at 5. Defendant denies liability.

## III. <u>VENUE</u>

4. For purposes of this Notice of Removal, venue is proper in this Court pursuant to 28 U.S.C. section 1446(a) because this Court is in the "district and division embracing the place where such action is pending," namely, Kent County, Michigan. 28 U.S.C. § 1441(a).

## IV. <u>REMOVAL IS PROPER</u>

5. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332, and which may be removed to this Court pursuant to 28 U.S.C. sections 1441 and 1446. As outlined below, there exists complete diversity between the parties, the sole Defendant is not a citizen of the State of Michigan, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### a. Plaintiff and Defendant Are Diverse

6. Plaintiff resides in Kent County, Michigan. Am. Compl. Barnett Decl., Ex. 4 at ¶ 1.

---

Decl., Ex. 6 at 1. On January 2, 2025, Plaintiff dismissed the improperly named defendant. Stip. Order, Barnett Decl., Ex. 5. Defendant Monster Energy Company, the sole defendant, filed its Answer to Plaintiff's Complaint on February 5, 2025. Ans. Barnett Decl., Ex. 6.

The place of a natural person's residence is "prima facie evidence of domicile." *Edick v. Poznanski*, 6 F. Supp. 2d 666, 669 (W.D. Mich. 1998) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir.1994). "Once domicile is established, there is a widely accepted presumption favoring the continuation of that domicile until a change in domicile is established by clear and convincing evidence." *Smith v. Smith*, 526 F. Supp. 3d 263, 267 (E.D. Mich. 2021) (citation omitted). Thus, Plaintiff is a citizen of Michigan for purposes of diversity jurisdiction.

7. A corporation is a "citizen" both of the state in which it was incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant is incorporated under the laws of the State of Delaware and has its principal place of business located at 1 Monster Way, Corona, California 92879. As such, Defendant is a citizen of Delaware and California.

8. Complete diversity of parties exists because Plaintiff is a citizen of Michigan, and Defendant is a citizen of Delaware and California.

**b. The Amount Placed in Controversy by Plaintiff's Claims Exceeds $75,000.**

9. Plaintiff's Complaint does not identify a definitive amount in controversy. It simply asserts that the amount in controversy, exclusive of costs and interest, exceeds the Michigan Circuit Court's jurisdictional minimum of $25,000. Am. Compl., Barnett Decl., Ex. 4 at 5. Thus, the case was not immediately removable upon its filing.

10. Defendant propounded discovery upon Plaintiff. Relevant here, on June 5, 2025, Defendant served a request for admission upon Plaintiff that requested Plaintiff admit that her total damages, excluding interest and costs, were less than $75,001. Req. for Admis., Barnett Decl., Ex. 8.

11. On July 3, 2025, Plaintiff responded to Defendant's request for admission by denying the request for admission and claiming the fact to be "untrue." Resp. to Req. for Admis.,

Barnett Decl., Ex. 9. Thus, Defendant learned for the first time on July 3, 2025, that the amount in controversy in the Action exceeds $75,000.

12. Defendant denies any liability in this case and intends to vigorously oppose Plaintiff's claims. Defendant further does not concede that any of Plaintiff's allegations constitute a cause of action under applicable Michigan law. Defendant expressly reserves all rights in these regards. Although Defendant disputes liability and damages, for purposes of the jurisdictional requirements for removal only, and in light of Plaintiff's July 3, 2025 representation, Defendant has a good faith basis to reasonably believe that the amount in controversy in this action exceeds the statutory $75,000 minimum.

**c. The Other Removal Prerequisites Have Been Satisfied.**

13. Removal of a state-court proceeding to a United States District Court is properly made within "thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order ***or other paper*** from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1442(b)(3) (emphasis added).

14. "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or ***in responses to discovery***, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C § 1442(c)(3) (emphasis added); *see also Haber v. Chrysler Corp.*, 958 F. Supp. 321, 326 (E.D. Mich. 1997) ("[I]t is well-settled that where a plaintiff makes a disclosure in discovery responses which reveals that a case is removable, the defendant has thirty days from that disclosure to remove.").

15. As discussed above, Defendant was first able to ascertain that the Action is removable to this Court on July 3, 2025—once Plaintiff responded to Defendant's request for

admission. Resp. to Req. for Admis., Barnett Decl., Ex. 9. This Notice of Removal is timely because it was filed within thirty days of July 3, 2025, and within one year after the commencement of the action on September 9, 2024. *See* 28 U.S.C. § 1442(b)(3) and (c)(1).

16. Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will promptly be served on all adverse parties, and Defendant will promptly file a Notice of Filing of Notice of Removal, including a true and correct copy of this Notice of Removal, with the Clerk of the Seventeenth Judicial Circuit Court for the County of Kent.

17. If any question arises as to the propriety of the removal of this Action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that the case is removable.

## V. CONCLUSION

18. WHEREFORE, Defendant respectfully requests that the Action be removed from the Seventeenth Judicial Circuit Court for the County of Kent to the United States District Court for the Western District of Michigan, and that all future proceedings in this matter take place in the United States District Court for the Western District of Michigan.

I certify that this memorandum contains 1,238 words, in compliance with the Local Civil Rules.

DATED: July 11, 2025

Respectfully Submitted,

SHOOK, HARDY & BACON

By: /s/ *Michael B. Barnett*

Michael Barnett (P86035)
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: (816) 474-6550
Fax: (816) 421-5547
mbarnett@shb.com

*Attorney for Defendant Monster Energy Company*

## CERTIFICATE OF SERVICE

**Document(s) Served:**

**DEFENDANT MONSTER ENERGY COMPANY'S NOTICE OF REMOVAL**

Pursuant to the amendment of MCR 2.107 under the Michigan Supreme Court's Order dated July 26, 2021, ADM File No. 202-08/Administrative Order 2020-09 regarding e-service and the United State of America, I attest that the above document was served upon the party listed below at the email address listed below by electronic mail and at the mailing address listed below by US first class mail on July 11, 2025.

Zachary T. Runyan (P83671)
RUNYAN LAW GROUP
31211 Jefferson Avenue
St. Clair Shores, Michigan 48082
E-mail: zrunyan@runyanlawgroup.com

Dated: July 11, 2025

I declare that the statement above is true to the best of my information, knowledge, and belief.

Heather Keresztes, Legal Assistant

SHOOK HARDY & BACON, LLP