# EXHIBIT 1

## STATE OF MICHIGAN

## IN THE 17TH JUDICIAL CIRCUIT COURT FOR THE COUNTY OF KENT

| | |
|---|---|
| McKenzie Cain,<br><br>Plaintiff,<br><br>v<br><br>Monster Beverage Corporation,<br><br>Defendant. | Case No. 24-08853-CZ<br>Hon.<br><br>GEORGE JAY QUIST<br>(P-43884) |

Jeffrey W. Buckman (P55970)
Jordan A. Wilson (P80827)
BUCKMAN MACDONALD & BROWN, PC
Attorneys for Plaintiff
44 E. 8th Street, Suite 300
Holland, MI 49423
(616) 394-4276
buckman@bmbpc.com

Rec'd & Filed
SEP 09 2024
KENT COUNTY
CIRCUIT COURT

### COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a Judge, nor do I know of any other civil action, between the parties arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed or dismissed, transferred, or otherwise disposed of after having been assigned to a Judge of this Court.

_/s/ Jeffrey W. Buckman_
Jeffrey W. Buckman (P55970)

NOW COMES Plaintiff, McKenzie Cain, by and through her attorneys, Buckman MacDonald & Brown, PC. and for her complaint states:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, McKenzie Cain (Herein after "Cain"), resides at 2021 Hamstead Drive, NW, Grand Rapids, MI, 49504.

2. Upon information and belief, Defendant Monster Beverage Corporation (herein after "Monster") is headquartered at 1 Monster Way, Corona, CA 92879.

3. The product manufactured by Monster was purchased in Kent County, Michigan.

4. Venue is proper because the incident that is the subject matter of this Complaint occurred in Kent County.

5. Venue is proper in this Court as Monster conducts business in Kent County.

6. This claim is within the jurisdiction of this Court because the amount in controversy, exclusive of costs and interest exceeds Twenty-Five Thousand Dollars ($25,000).

## GENERAL ALLEGATIONS

7. On or about April 18, 2024, Cain purchased a can of Monster Energy drink from Big Apple Bagels located at 2058 Lake Michigan Drive NW, Grand Rapids, Michigan 49504.

8. Upon consuming the drink, Cain picked up the can and realized the can was still oddly heavy.

9. Out of curiosity, Cain opened the can further, and to her horror, found a dead mouse laying in the bottom of the can (Hereinafter "Incident") (see Picture of Monster Energy Drink) – **Exhibit A)**

10. As a result of the discovery, Cain experienced severe emotional distress, trauma, and physical illness.

11. The incident has caused Cain ongoing physical and emotional distress, resulting in medical expenses for counseling and treatment.

## COUNT I:
## NEGLIGENCE

12. Plaintiff Cain incorporates by reference all preceding paragraphs as though fully set forth herein.

13. Monster owed a duty to Cain to ensure that their products were safe for consumption and free from harmful contaminants.

14. Monster breached this duty by failing to properly inspect and ensure the safety of the Monster Energy drink consumed by Cain.

15. As a direct and proximate result of Monster's negligence, Cain has suffered severe emotional distress, trauma, and physical illness.

WHEREFORE, Plaintiff Cain asks this Court to award a judgment against Monster in an amount in excess of $25,000 as she is found to be entitled, together with interest, costs and attorney fees, and any other relief the Court deems appropriate and just.

## COUNT II: STRICT LIABILITY

16. Plaintiff Cain incorporates by reference all preceding paragraphs as though fully set forth herein.

17. Monster's product has been shown to be defective – a dead mouse in the bottom of a can is a clear and massive deviation from its intended design.

18. The Monster product Cain purchased and consumed with a dead mouse inside is unreasonably dangerous to her health and well-being, is unreasonably dangerous, and poses health risks as well as lasting emotional distress.

19. The Monster product defect was the direct cause of Cain's physical illness and emotional distress from consuming and discovering the dead mouse in her can.

20. Monster's product was used in a manner that was intended or reasonably foreseeable, as Cain was using the product as intended (i.e., drinking it) when the incident occurred.

21. Cain did not notice any substantial change in the product until after it was consumed and, therefore, Monster's product was not substantially changed from the time it left the manufacturer to the time Cain purchased it.

22. Monster is strictly liable for the injuries and damages sustained by Cain because the Monster Energy drink contained a harmful and dangerous defect – a dead mouse.

23. As a result, Cain has suffered severe emotional distress, trauma, and physical illness.

WHEREFORE, Plaintiff Cain asks this Court to award a judgment against Monster in an amount in excess of $25,000 as she is found to be entitled, together with interest, costs and attorney fees, and any other relief the Court deems appropriate and just.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

24. Plaintiff Cain incorporates by reference all preceding paragraphs as though fully set forth herein.

25. The implied warranty of merchantability ensures that a product such as Monster's energy drink is fit for the ordinary purposes for which such products are used and should be safe and fit for human consumption.

26. Under the UCC § 2-314, a warranty that goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.

27. A warranty that the Monster energy drink was merchantable was implied when it was sold to Cain.

28. Finding a dead mouse in a can of Monster energy is a clear indication that the drink was not of acceptable quality and was not fit for consumption in direct violation of UCC § 2-314.

29. As a direct and proximate result of this breach, Cain suffered emotional distress, trauma, and physical illness.

WHEREFORE, Plaintiff Cain asks this Court to award a judgment against Monster in an amount in excess of $25,000 as she is found to be entitled, together with interest, costs and attorney fees, and any other relief the Court deems appropriate and just.

**[balance of page intentionally left blank]**

## VERIFICATION

The Plaintiff attests (1) that she has reviewed the Complaint, (2) that the allegations of which Plaintiff has personal knowledge, Plaintiff knows or believes to be true; and (3) the allegations of which Plaintiff does not have personal knowledge, Plaintiff believes them to be true based on specified information, documents or both.

Dated: August 28, 2024

_____
McKenzie Cain

STATE OF MICHIGAN )
                 ) ss
COUNTY OF Kent   )

On this 28th day of August, 2024, before me, a Notary Public in and for said county, personally appeared McKenzie Cain and made oath that she has read the foregoing Complaint by her subscribed and knows the contents thereof and that the same is true of her knowledge, except as to the matters which are therein stated to be on her information and belief, and as to those matters she believes them to be true.

_____
Kimberly J. Belka, Notary Public
County of Ottawa, Michigan
My commission expires: July 6, 2030
Acting in Ottawa County, Michigan

BUCKMAN MACDONALD & BROWN, PC

By _____
Jeffrey W. Buckman (P55970)
Attorney for Plaintiff
44 E. 8th Street, Ste 300
Holland, MI 49423
(616) 394-4276

KIMBERLY J BELKA
NOTARY PUBLIC, STATE OF MICHIGAN
COUNTY OF OTTAWA
My Commission Expires 07-06-2030
Acting in the County of Ottawa

## STATE OF MICHIGAN

## IN THE 17TH JUDICIAL CIRCUIT COURT FOR THE COUNTY OF KENT

| | |
|---|---|
| McKenzie Cain,<br><br>    Plaintiff,<br><br>v<br><br>Monster Beverage Corporation,<br><br>    Defendant. | Case No. 24-08853-CZ<br>Hon.<br><br>GEORGE JAY QUIST<br>(P-43884) |
| Jeffrey W. Buckman (P55970)<br>Jordan A. Wilson (P80827)<br>BUCKMAN MACDONALD & BROWN, PC<br>Attorney for Plaintiff<br>44 E. 8th Street, Suite 300<br>Holland, MI 49423<br>(616) 394-4276<br>buckman@bmbpc.com | Rec'd & Filed<br><br>SEP 09 2024<br><br>KENT COUNTY<br>CIRCUIT COURT |

## JURY DEMAND

NOW COMES the Plaintiff by and through her attorneys, Buckman, MacDonald & Brown, P.C. and hereby requests a trial by jury.

Dated: September ____, 2024

Respectfully submitted,

BUCKMAN MACDONALD & BROWN, PC

_____
Jeffrey W. Buckman (P55970)
Jordan A. Wilson (P80827)
44 East 8th Street, Suite 300
Holland, MI 49423
(616) 394-4276

# EXHIBIT A






