**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| McKENZIE CAIN,<br><br>Plaintiff,<br><br>v.<br><br>MONSTER ENERGY COMPANY,<br><br>Defendant. | Hon. Jane M. Beckering<br><br>Case No.: 1:25-cv-00774-JMB-SJB<br><br>**DEFENDANT MONSTER ENERGY COMPANY'S ANSWER** |

**DEFENDANT MONSTER ENERGY COMPANY'S ANSWER**
**AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant Monster Energy Company ("Defendant") hereby files its Answer and Affirmative Defenses to Plaintiff McKenzie Cain's ("Plaintiff") Amended Complaint, dated December 23, 2024, and states as follows:

**ANSWER TO AMENDED COMPLAINT**

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, McKenzie Cain (Herein after "Cain"), resides at 2021 Hamstead Drive, NW, Grand Rapids, MI, 49504.

Answer: Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 1, and therefore denies them.

2. Upon information and belief, Defendant Monster Energy Company (herein after "Monster") is headquartered at 1 Monster Way, Corona, CA 92879.

Answer: Defendant admits the allegations of Paragraph 2 of the Complaint.

3. The product manufactured by Monster was purchased in Kent County, Michigan.

Answer: Defendant admits that it is involved in the manufacture of energy drinks. As to the remaining allegations in Paragraph 3, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations, and therefore denies them.

4. Venue is proper because the incident that is the subject matter of this Amended Complaint occurred in Kent County.

Answer: Paragraph 4 asserts legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5. Venue is proper in this Court as Monster conducts business in Kent County.

Answer: Paragraph 5 asserts legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. This claim is within the jurisdiction of this Court because the amount in controversy, exclusive of costs and interest exceeds Twenty-Five Thousand Dollars ($25,000).

Answer: Paragraph 6 asserts legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 5 of the Complaint.

## GENERAL ALLEGATIONS

7. On or about April 18, 2024, Cain purchased a can of Monster Energy drink from Big Apple Bagels located at 2058 Lake Michigan Drive NW, Grand Rapids, Michigan 49504.

Answer: Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 7, and therefore denies them.

8. Upon consuming the drink, Cain picked up the can and realized the can was still oddly heavy.

Answer: Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 8, and therefore denies them.

9. Out of curiosity, Cain opened the can further, and to her horror, found a dead mouse laying in the bottom of the can (Hereinafter "Incident") (see Picture of Monster Energy Drink) – Exhibit A).

Answer: Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 9, and therefore denies them.

10. As a result of the discovery, Cain experienced severe emotional distress, trauma, and physical illness.

Answer: Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 10, and therefore denies them.

11. The incident has caused Cain ongoing physical and emotional distress, resulting in medical expenses for counseling and treatment.

Answer: Paragraph 11 asserts a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 11 of the Complaint.

**COUNT I:**

**NEGLIGENCE**

12. Plaintiff Cain incorporates by reference all preceding paragraphs as though fully set forth herein.

Answer: Defendant restates, re-alleges, and incorporates by reference its responses to Paragraphs 1 through 11 of the Complaint as through fully set forth herein.

13. Monster owed a duty to Cain to ensure that their products were safe for consumption and free from harmful contaminants.

Answer: Paragraph 13 asserts legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Monster breached this duty by failing to properly inspect and ensure the safety of the Monster Energy drink consumed by Cain.

Answer: Paragraph 14 asserts legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. As a direct and proximate result of Monster's negligence, Cain has suffered severe emotional distress, trauma, and physical illness.

Answer: Paragraph 15 asserts legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 15 of the Complaint.

WHEREFORE, Plaintiff Cain asks this Court to award a judgment against Monster in an amount in excess of $25,000 as she is found to be entitled, together with interest, costs and attorney fees, and any other relief the Court deems appropriate and just.

Answer: Defendant denies that Plaintiff is entitled to the relief requested in the unnumbered "WHEREFORE" paragraph following Paragraph 15, or any relief whatsoever.

**COUNT II:**

**STRICT LIABILITY**

16. Plaintiff Cain incorporates by reference all preceding paragraphs as though fully set forth herein.

Answer: Defendant restates, re-alleges, and incorporates by reference its responses to Paragraphs 1 through 15 of the Complaint as through fully set forth herein.

17. Monster's product has been shown to be defective – a dead mouse in the bottom of a can is a clear and massive deviation from its intended design.

Answer: Paragraph 17 asserts legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. The Monster product Cain purchased and consumed with a dead mouse inside is unreasonably dangerous to her health and well-being, is unreasonably dangerous, and poses health risks as well as lasting emotional distress.

Answer: Paragraph 18 asserts legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 18 of the Complaint. Defendant is also without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 18 regarding what Plaintiff "purchased and consumed", and therefore denies them

19. The Monster product defect was the direct cause of Cain's physical illness and emotional distress from consuming and discovering the dead mouse in her can.

Answer: Paragraph 19 asserts legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Monster's product was used in a manner that was intended or reasonably foreseeable, as Cain was using the product as intended (i.e., drinking it) when the incident occurred.

Answer: Paragraph 20 asserts legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 20 of the Complaint. Defendant is also without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of

Paragraph 20 regarding what Plaintiff was doing "when the incident occurred", and therefore denies them.

21. Cain did not notice any substantial change in the product until after it was consumed and, therefore, Monster's product was not substantially changed from the time it left the manufacturer to the time Cain purchased it.

Answer: Paragraph 21 asserts legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 21 of the Complaint. Defendant further denies the allegations of Paragraph 21 with regard to the identity of the entity that manufactured the product at issue. Defendant is also without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 21 regarding what "noticed" or the "time Cain purchased it", and therefore denies them.

22. Monster is strictly liable for the injuries and damages sustained by Cain because the Monster Energy drink contained a harmful and dangerous defect – a dead mouse.

Answer: Paragraph 22 asserts legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. As a result, Cain has suffered severe emotional distress, trauma, and physical illness.

Answer: Paragraph 23 asserts legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 23 of the Complaint.

WHEREFORE, Plaintiff Cain asks this Court to award a judgment against Monster in an amount in excess of $25,000 as she is found to be entitled, together with interest, costs and attorney fees, and any other relief the Court deems appropriate and just.

Answer: Defendant denies that Plaintiff is entitled to the relief requested in the unnumbered "WHEREFORE" paragraph following Paragraph 23, or any relief whatsoever.

**COUNT III:**

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

24. Plaintiff Cain incorporates by reference all preceding paragraphs as though fully set forth herein.

Answer: Defendant restates, re-alleges, and incorporates by reference its responses to Paragraphs 1 through 23 of the Complaint as through fully set forth herein.

25. The implied warranty of merchantability ensures that a product such as Monster's energy drink is fit for the ordinary purposes for which such products are used and should be safe and fit for human consumption.

Answer: Paragraph 25 asserts legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Under the UCC § 2-314, a warranty that goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.

Answer: Paragraph 26 asserts legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. A warranty that the Monster energy drink was merchantable was implied when it was sold to Cain.

Answer: Paragraph 27 asserts legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Finding a dead mouse in a can of Monster energy drink is a clear indication that the drink was not of acceptable quality and was not fit for consumption in direct violation of UCC § 2-314.

Answer: Paragraph 28 asserts legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. As a direct and proximate result of this breach, Cain suffered emotional distress, trauma, and physical illness.

Answer: Paragraph 29 asserts legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 29 of the Complaint.

WHEREFORE, Plaintiff Cain asks this Court to award a judgment against Monster in an amount in excess of $25,000 as she is found to be entitled, together with interest, costs and attorney fees, and any other relief the Court deems appropriate and just.

Answer: Defendant denies that Plaintiff is entitled to the relief requested in the unnumbered "WHEREFORE" paragraph following Paragraph 29, or any relief whatsoever.

**DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury on all issues so triable.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff's Amended Complaint, and each count thereof, fails to state a claim upon which relief can be granted against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff has not been injured or damaged by any act or omission of Defendant.

**THIRD AFFIRMATIVE DEFENSE**

Defendant alleges that the injuries and damages, if any, alleged in the Plaintiff's Amended Complaint were not proximately or legally caused, in whole or in part, by any act or omission of Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant alleges that the damages, if any, sought by Plaintiff are the result of causes independent and superseding to any alleged acts of Defendant, and are due to causes that arose after Defendant's alleged acts ceased to have any impact on Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant alleges that the damages of Plaintiff, if any, as alleged against Defendant, were caused, if at all, by the acts or omissions of persons, parties, attorneys, corporations, or other entities other than Defendant, and such acts or omissions constitute intervening or superseding acts barring the claims against Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant alleges that to the extent Plaintiff sustained any of the damages alleged in the Complaint, Plaintiff is barred from any recovery herein on the basis that Plaintiff's own negligence, carelessness, fault, failure to mitigate, wrongful conduct, and/or failure to properly manage his affairs as a reasonable, prudent person and such conduct was the sole and proximate cause of the incident and injuries allegedly sustained herein. Therefore, in the event a finding is made that any fault exists on the part of Defendant, which proximately contributed to Plaintiff's damages, the amount of recovery to Plaintiff, if any, shall be proportionately reduced on the basis of Plaintiff's own comparative fault which contributed to the incident herein and/or the injuries, damages, and/or claims alleged.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff knew, should have known, or had reason to know about any foreseeable risk(s), if any exist, in consuming the product allegedly designed by Defendant, and the Plaintiff voluntarily undertook and assumed such risk(s), if any.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant alleges that to the extent Plaintiff sustained any of the damages alleged in the Complaint, the damages were proximately caused, in whole or in part, by the negligence, carelessness, fault, acts, omissions, wrongful conduct, and/or misconduct of other persons and/or entities over whom Defendant has, at no relevant time, had any control. Therefore, if Defendant is ultimately held liable for any of such damages, the amount of Defendant's liability should be proportionately reduced, in light of the other persons' comparative fault.

**NINTH AFFIRMATIVE DEFENSE**

Defendant alleges that any damages suffered by Plaintiff was caused by the actions or omissions of Plaintiff her agents, attorneys, or representatives, and barred by the doctrine of comparative negligence.

**TENTH AFFIRMATIVE DEFENSE**

Defendant alleges that in the event that any person or entity other than Defendant is held liable to Plaintiff for any of the damages or injuries alleged in the Complaint, Defendant is not vicariously liable for the acts or omissions of any such person or entity.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant alleges that if it is established that Defendant is in any manner legally responsible for any of the damages claimed by Plaintiff in the Complaint, such damages were proximately caused by other persons or entities over whom Defendant has or had no control, and Defendant is thus entitled to indemnity or contribution from these other parties in an amount in direct proportion to the culpability of their conduct.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant alleges that the Complaint, and each cause of action alleged therein, is barred by the doctrine of estoppel because Plaintiff, through her statements, actions or conduct, is estopped from asserting a right to recovery against Defendant in this action.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that through Plaintiff's conduct and the conduct of her agents, attorneys, and representatives, Plaintiff has waived her rights, if any, to recover on the Complaint, or any claim alleged therein.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that at all relevant times its conduct was privileged under applicable law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that if it is established that Defendant is in any manner legally responsible for any of the damages claimed by Plaintiff in any of the causes of action in the Complaint, Defendant is entitled to a set-off of these damages as a result of the negligent and/or wrongful acts of Plaintiff.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff's damages, if any, have been aggravated as a result of the failure of Plaintiff and her agents and/or representatives to exercise reasonable diligence in mitigating her claimed loss and damage. Defendant's liability, if any, must therefore be limited to the amount of damage that would have been suffered, if any, had Plaintiff exercised the diligence required of her.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that the claims of Plaintiff for damages are speculative and uncertain and, therefore, not recoverable in this action.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that it is not responsible for any harm to Plaintiff because all of the alleged loss, injury or damages, if any, were proximately caused or contributed to by the Plaintiff's misuse of the alleged product in question in an unintended or abnormal manner, and not as a result of any defect or failure of such alleged product.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that it is not responsible for any harm to Plaintiff because all of the alleged loss, injury or damages, if any, were proximately caused or contributed to by the change, modification, or alteration of the alleged product in question so that such product was not in the same condition at the time of the alleged harm as when it may have left Defendant's alleged care, custody, or control.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendant alleges that it did not engage in any conduct which was willful, fraudulent, or malicious, and that Defendants lacked the requisite intent to support Plaintiff's causes of action.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendant alleges that some or all of the purported claims and causes of action in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

**TWENTY-TWO AFFIRMATIVE DEFENSE**

Defendant alleges that all of the Plaintiff's alleged loss, injury or damages, if any, was the direct result of an act of God.

**TWENTY-THREE AFFIRMATIVE DEFENSE**

Defendant alleges that, if any defects existed with respect to the product, as alleged in the Complaint, any such defects were open and obvious, and Plaintiff cannot recover against Defendant.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Defendant alleges that at the time the product left the control of third parties, a practical and technically-feasible alternative design was not available that would have prevented the harm for which the claimant seeks to recover without substantially impairing the usefulness or intended purpose of the product.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Defendant alleges that the alleged defect is an inherent characteristic of the product that cannot be eliminated without substantially compromising the product's usefulness or

desirability.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Defendant reserves and preserves the right to allege additional affirmative defenses as they become known through discovery and investigation, whether or not previously submitted or tendered.

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Amended Complaint with prejudice, enter judgment in favor of Defendant and against Plaintiff and that Plaintiff take nothing by way of her Complaint, and that attorneys' fees and costs are awarded in favor of Defendant, and provide for such other and further relief as this Court deems just and proper.

Dated: July 22, 2025

Respectfully submitted,

Shook, Hardy & Bacon
Attorneys for Defendant Monster Energy Company

By: */s/ Michael B. Barnett*

Michael B. Barnett (MI # P86035)
2555 Grand Blvd.
Kansas City, MO 64108
(t) (816) 474-6550
(f) (816) 421-5547
mbarnett@shb.com

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on July 22, 2025, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice List.

Dated: July 22, 2025

*/s/ Michael B. Barnett*
Michael B. Barnett (MI # P86035)