IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

MCKENZIE CAIN,

        Plaintiff,

v.

MONSTER ENERGY COMPANY,

        Defendant.

Case No: 1:25-cv-00774-JMB-SJB
Hon. Jane M. Beckering

| ZACHARY T. RUNYAN (P83671) | MICHAEL B. BARNETT (P86035) |
|---|---|
| **RUNYAN LAW GROUP** | SHOOK, HARDY & BACON |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 31211 Jefferson Avenue | 2555 Grand Blvd., |
| St. Clair Shores, MI 48082 | Kansas City, MO 64108 |
| (248) 341-0794 | (t) (816) 474-6550 |
| zrunyan@runyanlawgroup.com | (f) (816) 421-5547 |
| | mbarnett@shb.com |

## **PLAINTIFF'S MOTION TO ADJOURN SCHEDULING ORDER DATES**

      NOW COMES Plaintiff, McKenzie Cain, by and through her attorneys, Runyan Law Group, and submits the following for her Motion to Adjourn Scheduling Order dates:

      1.    This case arises out of Plaintiff drinking a Monster energy drink that contained a dead mouse in the can.

      2.    On October 31, 2025, Plaintiff served Defendant with a set of Interrogatories, Requests for Admission, and Requests for Production of Documents. **Exhibit 1, Plaintiff's First Discovery.**

3. Upon request from Defendant, Plaintiff's Counsel provided Defendant a two-week extension to provide answers to Plaintiff's discovery requests.

4. On December 15, 2025, Defendant provided written responses to Plaintiff's discovery requests. However, no documents were provided. **Exhibit 2, Defendant's Responses**

5. While Defendant provided lengthy objections to many of Plaintiff's requests, Defendant's answer also indicated that Defendant would provide responsive documents upon a protective order being entered[1].

6. A stipulated protective order was entered on January 5, 2025. (ECF 18).

7. However, as of the time of this filing, Defendant still has not produced any documents[2].

8. The requested documents are necessary for Plaintiff to determine, among other things, the individuals plaintiff needs to depose.

9. Additionally, the documents are necessary for Plaintiff to procure the necessary expert opinions.

10. The current scheduling Order has an expert disclosure cutoff of January 16, 2026, and a Discovery cutoff date of March 31, 2026. (ECF 13, PageID 244).

---

[1] See Defendant's response to requests for production of documents 1, 3, 5, 6, 9.
[2] As required by this Court's scheduling Order and 28 U.S.C. § 471, Plaintiff is making a good faith effort to reach an agreement with opposing counsel before filing a motion to compel.

2

11. Due to the outstanding discovery issues, Plaintiff requests a 90 day extension of scheduling order dates.

12. Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent."

13. Plaintiff submits that due to delay in obtaining discovery documents, Plaintiff has shown good cause to adjourn the scheduling order 90 days.

14. It should be noted that this would be the first adjournment of dates in this case.

15. Plaintiff's counsel sought a concurrence from Defendant to adjourn dates during a conference on January 2, 2026, but concurrence was denied.

WHEREFORE, Plaintiff requests that the Court Grant her motion and adjourn the dates contained in the Case Management Order by 90 days. (ECF 13).

Respectfully submitted,

/s/ *Zachary T. Runyan*
Zachary T. Runyan (P83671)
**Runyan Law Group**
31211 Jefferson Ave.
St. Clair Shores, MI 48082
(248)-341-0794
Zrunyan@runyanlawgroup.com

Dated:  January 15, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

MCKENZIE CAIN,

       Plaintiff,                        Case No: 1:25-cv-00774-JMB-SJB

v.                                           Hon. Jane M. Beckering

MONSTER ENERGY COMPANY,

       Defendant.

| ZACHARY T. RUNYAN (P83671) | MICHAEL B. BARNETT (P86035) |
|---|---|
| **RUNYAN LAW GROUP** | SHOOK, HARDY & BACON |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 31211 Jefferson Avenue | 2555 Grand Blvd., |
| St. Clair Shores, MI 48082 | Kansas City, MO 64108 |
| (248) 341-0794 | (t) (816) 474-6550 |
| zrunyan@runyanlawgroup.com | (f) (816) 421-5547 |
| | mbarnett@shb.com |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO ADJOURN SCHEDULING ORDER DATES**

NOW COMES Plaintiff, McKenzie Cain, by and through her attorneys, Runyan Law Group, and submits the following Brief in Support of her Motion to Adjourn Scheduling Order Dates:

**STATEMENT OF FACTS**

On or about April 18, 2024, Cain purchased a can of Monster Energy drink from Big Apple Bagels located at 2058 Lake Michigan Drive NW, Grand Rapids, Michigan 49504. Upon consuming the drink, Cain picked up the can and realized the can was still oddly heavy. Out of curiosity, Cain opened the can further, and to her horror, found a dead mouse laying in the bottom of the can. As a result of the

4

discovery, Cain experienced severe emotional distress, trauma, and physical illness. The incident has caused Cain ongoing physical and emotional distress, resulting in medical expenses for counseling and treatment.

On August 19, 2025, this Court entered a Case Management Order that set deadlines for, among other things, discovery and Rule 26 expert disclosures. (ECF 13). On October 31, 2025, Plaintiff served Defendant with a set of Interrogatories, Requests for Admission, and Requests for Production of Documents. **Exhibit 1, Plaintiff's First Discovery.** Upon request from Defendant, Plaintiff's Counsel provided a two-week extension to the deadline to provide answers to Plaintiff's discovery requests. On December 15, 2025, Defendant provided written responses to Plaintiff's discovery requests. However, no documents were produced. While Defendant provided lengthy objections to many of Plaintiff's requests, Defendant's answer also indicated that Defendant would provide responsive documents upon a protective order being entered[3]. **Exhibit 2, Defendant's Responses.** A stipulated protective order was entered on January 5, 2025. (ECF 18). However, as of the time of this filing, Defendant still has not produced any documents[4]. Plaintiff's Counsel

---

[3] See Defendant's response to requests for production of documents 1, 3, 5, 6, 9.

[4] As required by this Court's scheduling Order and 28 U.S.C. § 471, Plaintiff is making a good faith effort to reach an agreement with opposing counsel before filing a motion to compel.

is currently trying to resolve the discovery issue without the need for Court intervention.

Through this motion, Plaintiff seeks to adjourn the case management order by 90 days. (See ECF 13). The extension is needed due to the delay in Defendant producing requested documents. The extension will allow Plaintiff to conduct all necessary discovery once the outstanding documents are obtained.

## LAW AND ANALYSIS

### I. PLAINTIFF HAS DEMONSTRATED GOOD CAUSE FOR A NINETY (90) DAY EXTENSION OF SCHEDULING ORDER DATES

The Sixth Circuit has indicated "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir. 2002) (citation and internal quotations omitted); see also *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (A court "may modify a scheduling order for good cause only if a deadline cannot reasonably be met despite the diligence of the party seeking the extension."). An assertion of "good cause" is likely meritorious when the moving party can show it "has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." 3 Moore's Federal Practice, P16.14[1][c] at 16-72.1. *Cooke v. AT&T Corp.*, No. 2:05-cv-374, 2007 U.S. Dist. LEXIS 4325, at *6 (S.D. Ohio Jan. 22, 2007).

In *Durand v. Hanover Ins. Grp.*, 294 F. Supp. 3d 659 (W.D. Ky. 2018), documents were not provided by Defendants in a class action case until five days after a written discovery deadline had expired. The Court found good cause in granting an extension of scheduling order dates and further opined:

> However, the Court cannot ignore the fact that Plaintiffs did not have the opportunity to begin reviewing the 204(h) documents until five days after the October 13, 2017 deadline expired. Unquestionably, Plaintiffs were diligent in filing the two motions after reviewing the documents. Therefore, the Court finds that good cause exists to modify the scheduling order deadlines with regard to both of Plaintiffs' motions.

*Id.* at 672.

Here, Plaintiff has shown good cause to extend the scheduling order by 90 days. As noted above, Defendant responded to Plaintiff's written discovery on December 15, 2025. **Exhibit 2, Defendant's Responses.** Defendant failed to produce any documents with its responses, but indicated that documents would be provided upon the entry of a Protective Order. **Id.** A Protective Order was entered by the Court on January 5, 2026. (ECF 18). To date, Defendant has still not produced any documents.

Plaintiff is currently in the process of attempting to resolve the outstanding discovery issue without the need to file a motion to compel. However, even if the documents are promptly produced by Plaintiff and a motion to compel becomes unnecessary, Plaintiff requires additional time to complete discovery. Indeed, without the relevant documents, Plaintiff is unable to determine what depositions are

7

necessary, what third party subpoenas need to be issued, and if any additional requests for production of documents are needed. Similarly, without the requested documents, it is impossible for Plaintiff to obtain competent expert opinions.

Additionally, this would be the first adjournment of scheduling order dates in this case. Therefore, Plaintiff has shown good cause to adjourn the case management order by 90 days.

## CONCLUSION

For the reasons stated above, Plaintiff requests that the Court Grant her motion and adjourn the dates contained in the Case Management Order by 90 days. (ECF 13).

        Respectfully submitted,

        /s/ *Zachary T. Runyan*
        Zachary T. Runyan (P83671)
        **Runyan Law Group**
        31211 Jefferson Ave.
        St. Clair Shores, MI 48082
        (248)-341-0794
        Zrunyan@runyanlawgroup.com

Dated:  January 15, 2026

## **PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **January 15, 2026** via:

| | |
|---|---|
| ☐ U.S. Mail | ☐ Fax |
| ☐ Hand Delivered | ☐ Overnight Carrier |
| ☐ Certified Mail | ☐ Other: <u>Mi-FILE Truefiling</u> |
| ☒ ECF System | ☐ Email |

*/s/ Zachary T. Runyan*