**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| MCKENZIE CAIN,<br><br>Plaintiff,<br><br>vs.<br><br>MONSTER ENERGY COMPANY,<br><br>Defendant. | Case No. 1:25-cv-00774-JMB-SJB<br><br>Hon. Jane M. Beckering |


**RUNYAN LAW GROUP**
Zachary T. Runyan, Esq. (P83671)
31211 Jefferson Avenue
St. Clair Shores, MI 48082
248-341-0794
zrunyan@runyanlawgroup.com

**SHOOK, HARDY & BACON LLP**
Marc P. Miles, Esq.
Kristy A. Schlesinger, Esq.
5 Park Plaza, Suite 1600
Irvine, CA 92614
949-475-1500
mmiles@sch.com
kschlesinger@shb.com


**STIPULATED MOTION TO AMEND CASE MANAGEMENT ORDER**

Plaintiff McKenzie Cain ("Plaintiff") and Defendant Monster Energy Company ("MEC") (collectively, the "Parties") hereby submit the following stipulated Motion to Amend Case Management Order.

1. The Parties met and conferred on the status of the case and respectfully submit that there is good cause to revise the Case Management Order to allow time for the depositions of Plaintiff and her healthcare providers prior to the exchange of expert witness reports.

2. Despite MEC's good faith efforts to obtain Plaintiff's medical records by subpoena and with an authorization, Plaintiff's healthcare providers have still not yet produced all of her relevant medical records. This delay has created a domino effect.

Having not yet received all Plaintiff's medical records, MEC has been precluded from taking Plaintiff's deposition and the depositions of her relevant healthcare providers. Not yet having received all medical records and deposition transcripts, MEC's experts have not been able to meaningfully prepare and complete their expert reports.

3. The parties agree that a 120-day continuance of the dates in the Case Management Order is needed to secure and complete discovery and prepare for trial.

4. The Court may extend the case schedule where good cause exists. Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s "good cause" standard considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "'if [a deadline] cannot reasonably be met despite the diligence of the party seeking the extension.'" *Marcilis v. Two. Or Redford*, 693 F.3d 589, 597 (6th Cir. 2012) (quoting *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)). And an "important consideration for a district court deciding whether Rule 16's good cause standard is met is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary, supra*, 349 F.3d at 906. Since the parties are stipulating to the request, each agrees there is no prejudice.

5. Good cause exists to modestly extend the case schedule by 120 days to allow for the production of Plaintiff's medical records, the deposition of Plaintiff, the depositions of her healthcare providers, and other discovery and the preparation and disclosure of expert witness written reports. To date, MEC has been precluded from completing this discovery because Plaintiff's healthcare providers have not timely complied with federal subpoenas, despite MEC's repeat meet and confer efforts <u>and</u> the delivery of multiple authorizations signed by Plaintiff for those records.

6. Since September 2025, MEC has been diligently engaged in third-party discovery, including the issuance of subpoenas requesting Plaintiff's medical records from Corewell Health and Northeastern Center regarding the incident. [Schlesinger Decl. ¶3].

7. Notwithstanding the receipt of federal subpoenas, Corewell Health refused to produce any of Plaintiff's medical records. Corewell Health claimed that it needed its

own specific authorization form signed by Plaintiff to release her health information. [Schlesinger Decl. ¶4]. When advised of Corewell Health's position, MEC immediately forwarded the provider-specific authorizations to Plaintiff and requested her signatures. [Ex. 1]

8. Plaintiff did not respond. As such, MEC followed up with Plaintiff in November and December 2025 requesting the signed authorizations. [Id.] On December 3, 2025, Plaintiff provided the authorizations with an electronic signature. [Ex. 2] MEC then forwarded the authorizations to Corewell Health. [Schlesinger Decl. ¶8].

9. On December 11, 2025, only one of the three Corewell Health providers that Plaintiff alleges treated her produced records and the production amounted to 78 pages of information. [Schlesinger Decl. ¶9].

10. MEC then engaged in further meet and confer with Corewell Health concerning the failure to produce records from two other providers. Corewell Health then indicated Plaintiff's electronic signature was insufficient to compel production of the remaining records and demanded Plaintiff re-sign the authorization with an ink signature, or provide an "Envelope ID" or "Certification ID" for the prior e-signature. [Schlesinger Decl. ¶10]. This was despite the fact that the other Corewell Health provider produced medical records based on the electronic signature on the authorization form.

11. While MEC was meeting and conferring with Corewell Health, Plaintiff moved to adjourn the case management deadlines (but only the deadlines relevant to the Plaintiff). As such, a hearing was scheduled.

12. On February 6, 2026, Magistrate Judge Sally J. Behrens presided over a hearing on the motion. During the hearing, the Magistrate Judge inquired of the Parties as to whether they anticipated any hurdles in discovery that would affect the case management deadlines and anticipated extension. Counsel for MEC advised that it was pursuing Plaintiff's medical records via subpoena and experiencing difficulty with compliance and the failure to timely obtain medical records may result in further discovery delays.

[Schlesinger Decl. ¶11-12].

13. On February 12, 2026, MEC advised Plaintiff of Corewell Health's continued refusal to produce records, and MEC requested that Plaintiff provide an ink signature or the "Envelope ID" or "Certification ID" for her prior e-signature. [Ex. 3].

14. On February 18, 2026, Plaintiff indicated that MEC could expect the authorizations shortly. [Id.] But Plaintiff did not provide them.

15. On April 16, 2026, Plaintiff designated her four healthcare providers as non-retained expert witnesses. In so doing, and without providing the required summary of opinions, Plaintiff indicated that the providers' opinions were set forth in her medical records and that each would testify consistently therewith. But MEC had yet been able to obtain those records, despite its months of diligence. MEC was still waiting for proper ink signed authorizations.

16. On April 28, 2026, MEC met and conferred with Plaintiff and advised that the inability to obtain Plaintiff's medical records had precluded MEC from taking her deposition, deposing her medical treaters, and preparing expert reports. This was particularly problematic given the fact that Plaintiff's expert disclosure now cited to and relied on documents that the Parties' did not have. [Ex. 4]

17. On April 29, 2026, Plaintiff finally provided a PDF copy of an ink signature on the outstanding authorizations. [Ex. 5]

18. The Parties agreed to jointly request a 120-day continuance of the Case Management Order deadlines to complete necessary discovery that has been delayed by the inability to timely obtain documents. [Schlesinger Decl. ¶18].

19. While the new authorizations were immediately forwarded to Corewell Health, MEC does not yet know if they will be deemed sufficient or when the medical records will be produced. As of the filing of the stipulated motion, no further documents have been produced by Plaintiff's healthcare providers. [Schlesinger Decl. ¶19].

20. Based upon the relatively short amount of additional time needed, the Parties

stipulate to extend the case schedule, and contend that no prejudice would arise from the extension. Allowing the parties to complete fact and expert discovery by extending the deadlines will contribute to the efficient and just resolution of this case, by ensuring that decision-making on any Daubert motions, dispositive motions, and—if necessary—at trial is based on a full and complete record.

21. MEC diligently pursued third-party discovery, met and conferred with Plaintiff's healthcare providers, met and conferred with Plaintiff, and procured and provided the documentation needed for Plaintiff's treating physicians to produce the records upon which Plaintiff bases her claim. Yet, to date, neither MEC (nor the Plaintiff) have those records. Absent receipt of same, discovery has been delayed and additional time is needed to obtain information necessary to this litigation.

22. Pursuant to W.D. Mich. LCivR 7.1(d), counsel for MEC affirmatively states that Plaintiff's attorney's electronic signature below indicates Plaintiff's concurrence with the requested relief.

WHEREFORE, the Parties respectfully request that this Court modestly extend trial and discovery deadlines by 120 days.

Dated: May 7, 2026

**SHOOK, HARDY & BACON L.L.P.**

*<u>/s/ Kristy A. Schlesinger</u>*
Marc P. Miles, Esq.
Kristy A. Schlesinger, Esq.
5 Park Plaza, Suite 1600
Irvine, CA 92694
949-975-1742
mmiles@shb.com
kschlesinger@shb.com

Michael B. Barnett, Esq.
2555 Grand Boulevard
Kansas City, MO 64108
816-474-6550

mbarnett@shb.com

*Attorneys for Defendant*

**RUNYAN LAW GROUP**

*/s/ Zachary T. Runyan*
Zachary T. Runyan, Esq. (P83671)
31211 Jefferson Avenue
St. Clair Shores, MI 48082
248-341-0794
zrunyan@runyanlawgroup.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The signature below certifies that a true and correct copy of the foregoing was served by electronic mail through Shook, Hardy & Bacon L.L.P.'s electronic mail system and First Class Mail, at the address listed below, on this 7th day of May, 2026, to Plaintiff's counsel of record.

RUNYAN LAW GROUP
Zachary T. Runyan (P83671)
31211 Jefferson Avenue
St. Clair Shores, MI 48082
Telephone: (248) 341-0794
zrunyan@runyanlawgroup.com

***Attorneys for Plaintiff McKenzie Cain***

*/s/ Kristy A. Schlesinger*

Kristy A. Schlesinger